■ JOHN REITZ et al., Respondents, v MARVIN SHELTON, Appellant, et al., Defendant. [606 NYS2d 685] —Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered on or about January 12, 1993, which granted plaintiff's motion to

strike defendant-appellant's Statute of Limitations defense, unanimously affirmed, with costs.

The affidavit of service reflects the date and time of service of the summons and complaint, a complete description of the person served and an assertion that a copy of the summons and complaint was mailed to defendant Shelton at his usual place of business. The papers submitted in opposition do not contain an affidavit from the defendant stating that Beverly Black was not a person authorized to receive process on defendant's behalf pursuant to CPLR 308 (2) and was therefore insufficient to raise an issue of fact. Since the affidavit of the process server was unrebutted, the court's order granting plaintiff's motion to strike the Statute of Limitations defense without a hearing was proper (see, Newman & Leventhal v Sanders, 115 AD2d 360). Concur—Rosenberger, J. P., Wallach, Kupferman, Ross and Tom, JJ.